IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENSORMATIC ELECTRONICS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-760 (MN) |
| | ) |
| GENETEC (USA) INC. and GENETEC INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING PETITIONER'S MOTION TO QUASH AND <u>OBJECTIONS TO NON-PARTY DEPOSITION</u>**

OF COUNSEL:

Jonathan Spivey
POLSINELLI PC
1000 Louisiana Street
Suite 6400
Houston, TX 77002
(713) 374-1600

January 11, 2022

POLSINELLI PC
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0924
skraftschik@polsinelli.com

*Attorneys for Non-Party Carrier Global Corporation*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, petitioner Carrier Global Corporation ("Carrier" or "Petitioner") objects to, and respectfully petitions this Court for an order quashing, a non-party subpoena (the "Subpoena") for Carrier's corporate deposition in connection with a civil case pending in federal court in Delaware and, in support, states the following:

## I. INTRODUCTION

The non-party subpoena at issue (the "Subpoena"), a copy of which is attached as Exhibit A ("Ex. A"), was served on Carrier on November 22, 2021 in connection with the underlying litigation pending in the District of Delaware, captioned *Sensormatic Elecs., LLC v. Genetec (USA) Inc. et al.*, Civil Action No. 1:20-cv-00760-MN (the "Lawsuit"). Petitioner Carrier is not a party to that lawsuit. The Subpoena is ambiguous (and therefore overly broad) thereby creating an undue burden, requests disclosure of Petitioner's trade secrets and confidential information, and is procedurally defective. For these reasons included the Subpoena should be quashed.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas in federal civil litigation. Fed. R. Civ. P. 45(d)(3) mandates the procedures for quashing or modifying a subpoena and provides, in relevant part, as follows:

> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) …

In addition, pursuant to Rule 45(d)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and the Court has a responsibility to enforce this duty. *See In re TQ Delta*, No. 17-mc-328-RGA, 2018 WL 5033756, at *2 (D. Del., 2018). If a subpoena falls outside the scope of permissible discovery, the Court "must" grant a timely motion to quash it pursuant to Rule 45(d)(3)(A). *Id.* Further, this Court has jurisdiction to quash the subpoena at issue because the Subpoena seeks compliance in the District of Delaware. *See* Fed. R. Civ. P. 45(d)(3).

## III. ARGUMENT

Petitioner moves to quash the Subpoena for three primary reasons—the Subpoena: (1) is unduly burdensome, (2) requires disclosure of Petitioner's trade secrets and confidential commercial information, and (3) is procedurally defective. Each are addressed below.

### A. Motion Is Timely

First, as a threshold matter, this motion is timely filed in compliance with Rule 45. *See* Fed. R. Civ. P. 45(d)(3)(A). "'Timely' is not defined in Rule 45," and courts differ on the definition applied. *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. 09-cv-66, 2009 WL 3242561, at *2 (D. Del., 2009). However, most courts hold that a motion to quash filed "before the time for compliance" is timely. *See Id.* Although the date of compliance on the face of the

1

subpoena was initially set for December 6, 2021 (*see* Ex. A at 2), the party issuing the Subpoena, Genetec, has agreed that Petitioner would have until at least the first week of January 2022 to respond. *See* Exs. B and C (Email correspondence between subpoenaing counsel and counsel for Carrier extending the time of compliance). Therefore, because this motion has been filed "before the time for compliance," based on the extension provided by the subpoenaing party, it is timely filed. *See Ace Hardware*, 2009 WL 3242561, at *2.

### B. The Subpoena Imposes An Undue Burden On Petitioner

The Subpoena is unduly burdensome because it (1) is ambiguous as to the information sought and (2) the form in which it is sought, and it (3) seeks Petitioner's confidential information and trade secrets.

#### 1. The Subpoena Is Ambiguous.

The Subpoena purports to request deposition of Carrier regarding two topics. First, "[i]nformation related to any elevator integration capability between Carrier's OnGuard security management software and third-party access control systems or . . . elevator systems prior to April 10, 2013." Second, information "including but not limited to" seven broad subtopics:

a. Identification of the available versions of the integration capability, including any APIs, SDKs, specifications, and related documentation;

b. Identification of the features included in each such version and the dates each such version was made available by You;

c. The conception, design, development, and implementation of the integration capability;

d. The structure, function, features, and operation of the integration capability;

e. The marketing, financing, invoicing, contracting, service, and maintenance of the integration capability;

f. The public availability of the integration capability; and

g. Identification of the people and parties involved in and/or most knowledgeable about the development of the integration capability.

Ex. A at 8. The broad scope of these subtopics, open-ended clause of inclusion, and time-period of interest make it nearly impossible for Petitioner to prepare a witness for such a deposition. In particular, the Subpoena does not define or provide further guidance on the phrase "any elevator integration capability." Generally, any two APIs or code libraries could be said to be capable of integration. Therefore, the target of the topic is ambiguous as recited in the Subpoena because there are a numerous valid interpretations of "integration capability."

Further, subtopic "b" is actually broader than the deposition topic as a whole because it asks Petitioner to identify each feature of every version of its software, which includes the capability at issue. Many of the other enumerated subtopics involve marshalling resources across Petitioner's global organization to consolidate the requested information, assuming it can be found. For example, each item listed in subtopic "e" alone may require research within a different vertical unit or group within Petitioner's global organization—*i.e.* marketing, accounting, sales, technology, etc.

Pursuant to Rule 45(d)(3)(A)(iv) this Court should quash the Subpoena because it is

ambiguous as to the deposition topics, open-ended, and requests broad categories of information pertaining to its ambiguous aims. Petitioner would be unduly burdened if required to comply.

### 2. Ambiguous As To What "Documents and Things" Will Be Discussed.

The Subpoena, as served, requests only testimony. *See* Ex. A at 2. Deposition topic "2" recites "[t]he authenticity and business record status of any Documents or Things You produced in the Present Litigation." However, the Subpoena requests no production from Petitioner and no specific "[d]ocuments or [t]hings" are listed or referenced to aid Petitioner in preparing for or responding to this topic. Pursuant to Rule 45(d)(3)(A)(iv) this Court should quash the Subpoena because this topic is nonsensical and invalid under the first interpretation and overbroad under the second interpretation. Petitioner would be unduly burdened if required to comply.

### 3. Petitioner's Confidential Business Information And Trade Secrets.

As defined by the Delaware Uniform Trade Secrets Act, a trade secret is: "[I]nformation, including a formula, pattern, compilation, program, device, method, technique or process, that: a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." 6 Del. C. § 2001 (2011).

The Subpoena requests information about Petitioner's software, namely its structure, function, features, operation, conception, design, development, implementation, marketing, financing, invoicing, contracting, service, and maintenance among other things. As such, the Subpoena necessarily asks Petitioner to divulge trade secrets and confidential information relating to the internal workings of not only its proprietary software but also its business processes and customer relationships. *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group,* 190 F.R.D. 463, 467 (W.D.Tenn. 1999) ( "[C]ourts have been inclined to limit the scope of discovery directed to non-parties in order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents."). Pursuant to Rule 45(d)(3)(B)(i), this Court should protect Petitioner from the requested disclosure of its trade secrets and confidential research, development, and commercial information.

### C.   Procedural Issues

Beyond the issues discussed above, the Subpoena is defective on its face and of dubious procedural value to the requesting party. The Subpoena is defective on its face because a witness fee and mileage were not tendered to the Petitioner at the time of service of the Subpoena, as required pursuant to FRCP 45(b)(1). *See also Duffy v. Kent Cnty. Levy Ct.*, 800 F. Supp. 2d 624, 629 (D. Del., 2011). Also, while Petitioner was served with the Subpoena before the close of Discovery in the Lawsuit, the controlling scheduling order closed fact discovery on December 9, 2021. *See* Scheduling Order, D.I. 15. Therefore, any additional evidence gained by the requesting party is of dubious use in the Lawsuit. Because the Subpoena is defective and not "reasonably calculated to lead to the discovery of admissible evidence," the Court should quash the Subpoena. Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 45(b)(1).

### IV.   CONCLUSION

The Subpoena at issue is unduly burdensome, seeks Petitioner's trade secrets and confidential commercial information, and is defective. Therefore, pursuant to Rule 45, Petitioner respectfully asks this Court to quash the Subpoena.

        Sincerely,

        */s/ Stephen J. Kraftschik*

        Stephen J. Kraftschik (#5673)

SJK:ncf

cc:    All Counsel of Record (by e-mail)

4