IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENSORMATIC ELECTRONICS, LLC, | |
| Plaintiff, | C.A. No. 20-760-GBW |
| v. | |
| GENETEC (USA) INC. and GENETEC INC., | |
| Defendants. | |

## MEMORANDUM ORDER

Pending before the Court are Defendants Genetec (USA) Inc. and Genetec Inc. ("Defendants") Objections (D.I. 237) to Magistrate Judge Burke's October 20, 2022 Memorandum Order (D.I. 232) denying Defendants' motion to compel Plaintiff Sensormatic Electronics, LLC ("Plaintiff") to produce all correspondence and attachments on Plaintiff's privilege log between April 5, 2004 and May 12, 2006 (the "Motion"). The Court has reviewed the Memorandum Order, Defendants' Objections, and Plaintiff's response (D.I. 240). For the following reasons, Defendants' Objections are overruled.

1.  In this action, Defendants' assert an inequitable conduct counterclaim against Plaintiff, alleging that Plaintiff and its prosecuting attorneys, including in-house and outside counsel, intentionally abandoned the application that ultimately led to asserted U.S. Patent No. 7,307,652 (the "'652 patent") in favor of related patent applications. D.I. 232 at 2. When Defendants sought documents and communications between Plaintiff's in-house and outside counsel that relate to the prosecution of the '652 patent and related patents, Plaintiff withheld such discovery as protected by the attorney-client privilege. *Id.* at 2. Defendants moved to compel Plaintiff's production of that discovery, arguing that Plaintiff waived any applicable privilege when filing its Statement of Facts ("SOF") in support of its motion for summary judgment of no

inequitable conduct. *Id.* at 2.  According to Defendants, portions of Plaintiff's SOF places Plaintiff's attorneys' advice "at issue" in this litigation. *Id* at 2, 5.

2.  The Magistrate Judge evaluated the nine paragraphs in Plaintiff's SOF that Defendants contend place Plaintiff's attorney-client communications at issue. D.I. 232 at 5. Relying upon the United States Court of Appeals for the Third Circuit's decision in *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851 (3d Cir. 1994) and its progeny, the Magistrate Judge concluded:

> Ultimately, in these nine SOF paragraphs, Plaintiff is, *inter alia,* making assertions about its state of mind and the state of mind of its counsel, in support of its defense to the inequitable conduct counterclaim. And it is surely true that Plaintiff's attorney-client communications regarding the petition to revive and related matters would be relevant to what Plaintiff's/Plaintiff's counsel's state of mind truly was at the time. But in none of the nine SOF paragraphs does Plaintiff attempt to use the *actual content* of otherwise privileged attorney-client communications as a sword—i.e., as an affirmative means to defeat Defendants' counterclaim. (D.I. 211 at 1 ("In [denying liability as to the counterclaim] Sensormatic does not characterize, selectively disclose, or otherwise rely on the substance of any withheld communications.")) It is that type of offensive use of otherwise privileged material that, pursuant to relevant precedent, amounts to putting privileged attorney-client communications "at issue" in a case.

*Id.* at 8 (citing *In re Teleglobe Commc'ns Corp.,* 392 B.R. 561, 586 (D. Del. 2008) (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,* 32 F.3d 851, 863 (3d Cir. 1994)); *Princeton Digit. Image Corp. v. Office Depot Inc.,* C.A. No. 13-239-LPS, 2017 WL 3264068, at *1-2 (D. Del. Aug. 1, 2017); *N.J. Mfrs. Ins. Co. v. Brady,* C.A. No. 15-02236, 2017 WL 264457, at *13 (M.D. Pa. Jan. 20, 2017)).

3.  In their Objections, Defendants argue that the Magistrate Judge "errs by misapplying inapplicable Third Circuit law instead of applicable Federal Circuit law more analogous to this dispute." D.I. 237 at 2. Defendants, however, did not raise this argument before

the Magistrate Judge, and, therefore, have forfeited it. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020); *Burtch v. Milberg Factors, Inc.*, C.A. No. 07-556-JJF-LP, 2009 WL 1529861, at *3 (D. Del. May 31, 2009), *aff'd*, 662 F.3d 212 (3d Cir. 2011), and *aff'd*, 662 F.3d 212 (3d Cir. 2011).

4. Indeed, Defendants' previously advanced a contrary view. In briefing submitted to the Magistrate Judge, Defendants state that, "Federal Circuit does not differ [from Third Circuit law] in that it 'is grounded in principles of fairness.'" D.I. 224 at 3. The Magistrate Judge credited Defendants' argument to conclude Third Circuit law applies. *See* D.I. 232 at 3 n.2 ("Because Defendants themselves initially relied on Third Circuit caselaw here (as did Plaintiff) and because Defendants assert that the Third Circuit's approach to this issue is no different from that of the Federal Circuit, the Court will herein apply Third Circuit law regarding the 'at issue' doctrine to this patent case."). In their Objections, Defendants now argue that the dispute is, bar none, governed by Federal Circuit law. *See* D.I. 237 at 3, 4 ("When the issue of a waiver of the attorney-client privilege is related to the substantive issue of inequitable conduct, substantive patent law is implicated, and Federal Circuit law applies . . . .To the extent the decision turns on the choice between Third Circuit and Federal Circuit law, the Order erred in disregarding decisions applying Federal Circuit law."). Defendants offer no explanation to justify "dispensing with the rule that arguments need to be raised in the first instance with the Magistrate Judge," and, thus, the Court declines to dispense with that rule here.[1] *Univ. of Massachusetts v. L'Oreal USA, Inc.*, C.A. No. 17-868-CFC-SRF, 2020 WL 3048156, at *2 (D. Del. June 8, 2020) ("But this Court could not meet the demands of its heavy caseload if sophisticated litigants like [Defendant] were permitted to save

---

[1] Further illustrative of this point, Defendants cite at least two new cases that were not raised before the Magistrate Judge. D.I. 237 at 3.

3

for their objections to Magistrate Judge rulings arguments they should have raised before the Magistrate Judge in the first place. It would also be unfair to our Magistrate Judges, who are inundated with discovery disputes, to countenance that practice.").

5. Defendants' remaining arguments seeking a "correct waiver analysis" have not established that the Magistrate Judge's Memorandum Order is clearly erroneous or contrary to law. D.I. 237 at 5-8.[2]

6. Therefore, Defendants' Objections are overruled.

\* \* \*

WHEREFORE, on this 30th day of December, 2022, IT IS HEREBY ORDERED that:

1. Defendants' Objections to the Magistrate Judge's Memorandum Order (D.I. 237) are OVERRULED; and

2. The Memorandum Order (D.I. 232) is ADOPTED.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] Because the Magistrate Judge's ruling is non-dispositive, it "should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Id.* (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992) (citations omitted)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, C.A. No. 16-56-SLR/SRF, 2016 WL 6122927, at \*1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

4