# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENSORMATIC ELECTRONICS, LLC, | |
| *Plaintiff*, | CASE NO. 1:20-CV-00760-GBW |
| v. | PATENT CASE |
| GENETEC (USA) INC. and GENETEC INC., | JURY TRIAL DEMANDED |
| *Defendants*. | |

## DECLARATION OF DAVID CONRAD
## IN SUPPORT OF GENETEC (USA) INC. AND GENETEC INC.'S
## BILL OF COSTS PURSUANT TO 28 U.S.C. § 1924

I, David Conrad, hereby declare:

1. I am an attorney with the law firm Fish & Richardson P.C., counsel of record for Defendants Genetec (USA) Inc. and Genetec Inc. (collectively "Genetec"). I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts. I submit this declaration in support of Genetec's Bill of Costs pursuant to 28 U.S.C. §§ 1920 and 1924 and the District of Delaware Local Rule 54.1(b).

2. In this patent case, Sensormatic Electronics, LLC ("Sensormatic") sued Genetec for patent infringement of United States Patent Nos. 7,307,652 (the "'652 Patent") and 9,463,954 (the "'954 Patent") (collectively the "Asserted Patents"). On May 26, 2022, Genetec filed a motion for summary judgment alleging invalidity of the '652 Patent due to the on-sale bar based upon the inventor's sale of the invention to Sensormatic. (D.I. 110.) This Court granted the motion on January 3, 2023. (D.I. 246.) To avoid trial, Sensormatic moved for dismissal on January 13, 2023 (D.I. 254) and concurrently granted Genetec a covenant not to sue on the '954 Patent. (D.I. 255.) This Court entered final judgment on February 8, 2023. (D.I. 263.)

1

3. Genetec are thus the prevailing parties in this case under Federal Rule of Civil Procedure 54(d). As a result of having to litigate this lawsuit up to trial, Genetec have necessarily incurred costs in the amount of $55,225.23 under 28 U.S.C. § 1920.

4. Per Local Rule 54.1, this declaration itemizes and describes Genetec's costs in detail:

- $44,559.41 in costs for deposition transcripts (original and copies) and deposition recordings;
- $10,625.82 in costs for deposition exhibits;

**Taxation of Deposition Costs under D. Del. L.R. 54.1(b)(3) and 28 U.S.C. § 1920(4)[1]**

5. Genetec necessarily incurred $44,529.41 in total costs for deposition transcripts used to resolve material issues in the case. Sensormatic sought hundreds of thousands of dollars from Genetec in this litigation, and Genetec took and defended the depositions detailed below in order to defend itself from Sensormatic's unsupported patent infringement accusations. These costs are recoverable under L.R. 54.1(b)(3) and 28 U.S.C. § 1920(4), detailed below, and supported by the attachments of Exhibits 4–33. All of the reported costs detailed in Exhibits 4–33 were paid by Genetec. As such, Genetec seeks costs for an original and one copy of a deposition and the reasonable cost of taking the deposition because these materials were used to resolve material issues in this case.

---

[1] Pursuant to District of Delaware Local Rule 54.1(b)(11), Genetec "substantiates the claim by reference" to this Court's decision. *See, e.g. Lab. Skin Care Inc. v. Limited Brands, Inc.*, No. 06-601-LPS, 2016 WL 1266564, at *3–4 (D. Del. Mar. 30, 2016) (granting request for deposition costs). However, Genetec are not asking the Clerk of the Court to consider case law, but merely provide this citation to case law to "substantiate[]" its claim for costs by reference to District of Delaware Local Rule 54.1(b)(11).

6. On October 27, 2021, Francis A. Cona was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $846.00. Costs for the deposition (such as remote real-time transcription [$495.00], a rough transcript [$405.00], scanned and hyperlinked exhibits [$186.80], real-time transcription connectivity charge [$250.00], reporter appearance fees [$600.00], remote video stream [$150.00], and shipping and handling [$40.00]) were also incurred. It was further necessary to retain video services to film Mr. Cona's deposition. Costs for filming (such as videographer setup [$325.00] and videographer hourly [$500.00]) were also incurred. Accordingly, this cost totals $3,797.80. A true and correct copy of the reporter invoices are attached hereto as Exhibits 4–5. Mr. Cona was involved in the prosecution of U.S. Patent Application Serial No. 09/801,484, which resulted in the '652 Patent and therefore was knowledgeable about the claims and defenses in the case. Mr. Cona's testimony was relied upon in at least to two discovery letters to compel privileged material (D.I. 91, Ex. E; D.I. 194) and Sensormatic relied upon his testimony in support of its Motions for Summary Judgment. (D.I. 129, Ex. 10.) He was identified as a witness for trial. (Ex. 1, Sensormatic's Proposed Trial Witness List.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

7. On November 2, 2021, Dean Small was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $480.20. Costs for the deposition (such as remote real-time transcription [$191.10], a rough transcript [$181.30], scanned and hyperlinked exhibits [$22.80], real-time transcription connectivity charge [$250.00], reporter appearance fees [$210.00], remote video stream [$150.00], and shipping and handling [$40.00]) were also incurred. It was further necessary to retain video services to film Mr. Small's deposition. Costs for filming

(such as videographer setup [$335.00] and videographer hourly [$260.00]) were also incurred. Accordingly, this cost totals $2,120.40. A true and correct copy of the reporter invoices are attached hereto as Exhibits 6–7. Mr. Small was involved in the prosecution of U.S. Patent Application Serial No. 09/801,484, which resulted in the '652 Patent and therefore was knowledgeable about the claims and defenses in the case. Mr. Small's testimony was relied upon in at least to two discovery letters to compel privileged material (D.I. 91, Ex. F; D.I. 194) and Sensormatic relied upon his testimony in support of its Motions for Summary Judgment. (D.I. 129, Ex. 11.) He was identified as a witness for trial. (Ex. 1.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

8.  On November 9, 2021, Evan Sotiriou was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $455.70. Costs for the deposition (such as remote real-time transcription [$181.35], a rough transcript [$172.05], scanned and hyperlinked exhibits [$12.00], real-time transcription connectivity charge [$250.00], reporter appearance fees [$210.00], and remote video stream [$150.00]) were also incurred. It was further necessary to retain video services to film Mr. Sotiriou's deposition. Costs for filming (such as videographer setup [$335.00] and videographer hourly [$260.00]) were also incurred. Accordingly, this cost totals $2,026.10. A true and correct copy of the reporter invoices are attached hereto as Exhibits 8–9. Mr. Sotiriou was involved in the prosecution of U.S. Patent Application Serial No. 09/801,484, which resulted in the '652 Patent and therefore was knowledgeable about the claims and defenses in the case. Mr. Sotiriou's testimony was relied upon in at least to two discovery letters to compel privileged material (D.I. 91, Ex. G; D.I. 194) and Sensormatic relied upon his testimony in support of its Motions for Summary Judgment. (D.I. 129, Ex. 12.) He was identified

4

as a witness for trial. (Ex. 1.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

9. On November 30, 2021, Jason Ouellette, a named inventor of the '954 Patent, was deposed as a Sensormatic witness. This deposition occurred over the course of two days. For the first day of deposition, the cost for the original and one certified transcript was $1,278.40. Costs for the deposition (such as early morning transcript pages [$58.00], local real-time transcription [$1,060.80], a rough transcript [$476.00], scanned and hyperlinked exhibits [$813.80], reporter appearance fees [$577.50], remote video stream [$150.00], and shipping and handling [$50.00]) were also incurred. It was further necessary to retain video services to film Mr. Ouellette's deposition. Costs for filming (such as videographer setup [$517.50] and videographer hourly [$910.00]) were also incurred. Accordingly, this cost totals $5,892.00. A true and correct copy of the reporter invoices are attached hereto as Exhibits 10–11. On December 1, 2021, Mr. Oullette was deposed as a Rule 30(b)(6) witness on topics noticed by Genetec for the deposition related to the claims and defenses in the case. The cost for the certified original of Mr. Oullette's second day of deposition transcript was $846.00. Costs for the deposition (such as local real-time transcription [$351.00], a rough transcript [$315.00], scanned and hyperlinked exhibits [$199.20], a reporter appearance fee [$330.00], and shipping and handling [$40.00]) were also incurred. Costs for filming (such as videographer setup [$345.00] and videographer hourly [$715.00]) were also incurred. Accordingly this cost totals $3,141.20. A true and correct copy of the reporter invoices are attached hereto as Exhibits 12–13. Mr. Ouellette's testimony was attached as an exhibit at least to Defendants' Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 7,307,652. (D.I. 110, Ex. 6.) He was identified as a witness for trial. (Ex. 1; Ex. 2, Defendant's

Initial Witness List.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

      10.      On December 2, 2021, Scott Stout was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $526.40. Costs for the deposition (such as local real-time transcription [$218.40], a rough transcript [$196.00], scanned and hyperlinked exhibits [$18.20], a reporter appearance fee [$90.00], and shipping and handling [$40.00]) were also incurred. It was further necessary to retain video services to film Mr. Stout's deposition. Costs for filming (such as videographer setup [$345.00] and videographer hourly [$260.00]) were also incurred. Accordingly, this cost totals $1,694.00. A true and correct copy of the reporter invoices are attached hereto as Exhibits 14–15. Mr. Stout is an engineering manager for Johnson Controls, Sensormatic's parent company, and was deposed as a Rule 30(b)(6) witness on topics noticed by Genetec for the deposition related to the claims and defenses in the case. Mr. Stout's testimony was attached as an exhibit at least to Defendants' Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 9,463,954. (D.I. 114, Ex. 11.) He was identified as a witness for trial. (Ex. 2.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

      11.      On December 9, 2021, Raymond Broemmelsiek, the sole named inventor of the '652 Patent, was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $1,053.00. Costs for the deposition (such as early morning transcript pages [$82.00], remote real-time transcription [$362.70], a rough transcript [$351.00], scanned and hyperlinked exhibits [$45.80], real-time transcription connectivity charge [$250.00], reporter appearance fees

[$450.00], remote video stream [$150.00], and shipping and handling [$50.00]) were also incurred. It was further necessary to retain video services to film Mr. Ouellette's deposition. Costs for filming (such as videographer setup [$442.50] and videographer hourly [$570.00]) were also incurred. Accordingly, this cost totals $3,807.00. A true and correct copy of the reporter invoices are attached hereto as Exhibits 16–17. Mr. Brommelsiek's testimony was attached as an exhibit at least to Defendants' Motion for Summay Judgment of Invalidity and Noninfringement of U.S. Patent No. 7,307,652. (D.I. 110, Ex. 7.) He was identified as a witness for trial. (Ex. 1.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

12. On January 19, 2022, Mortimer Hubin, identified in Genetec's Initial Disclosures, was deposed as a Genetec witness. The cost for the certified transcript was $1,183.20. Costs for the deposition (such as exhibits [$177.30], remote connection [$100.00], realtime services [$545.75], and a secure file suite [$10.00]) were also incurred. It was further necessary to retain video services to film Mr. Hubin's deposition in the amount of $1,000. Accordingly, this cost totals $3,016.25. A true and correct copy of the reporter invoices are attached hereto as Exhibits 18–19. Mr. Hubin was deposed as a Rule 30(b)(6) witness on topics noticed by Sensormatic for the deposition related to the claims and defenses in the case. Mr. Hubin's testimony was attached as an exhibit at least to Defendant's Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 9,463,954. (D.I. 114, Ex. 12.) He was identified as a witness for trial. (Ex. 1; Ex. 2.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

13. On January 20, 2022, Florian Matusek was deposed as a Genetec witness. The cost for the certified transcript was $1,033.60. Costs for the deposition (such as exhibits [$107.10], virtual primary participants [$25.00], remote connection [$100.00], a secure file suite [$10.00], and realtime and rough services [$706.75]) were also incurred. It was further necessary to retain video services to film Mr. Matusek's deposition. Costs for filming [$665.00] and video processing [$100.00] were incurred. Accordingly, this cost totals $2,747.45. A true and correct copy of the reporter invoice is attached hereto as Exhibits 20–22. Mr. Matusek is the Director of Video Analytics and Managing Director of the Vienna office for Genetec. He was deposed regarding Genetec's accused products. Mr. Matusek's testimony was attached as an exhibit at least to Sensormatic's Motions for Summary Judgment. (D.I. 129, Ex. 14.) He was identified as a witness for trial. (Ex. 1.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

14. On April 29, 2022, Alan Bovik was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $1,413.70. Costs for the deposition (such as remote real-time transcription [$509.25], a rough transcript [$509.25], scanned and hyperlinked exhibits [$704.00], real-time transcription connectivity charge [$250.00], reporter appearance fees [$752.50], remote video stream [$150.00], and shipping and handling [$50.00]) were also incurred. It was further necessary to retain video services to film Mr. Bovik's deposition. Costs for filming (such as videographer setup [$325.00] and videographer hourly [$907.50]) were incurred. Accordingly, this cost totals $5,571.20. A true and correct copy of the reporter invoices are attached hereto as Exhibits 23–24. Mr. Bovik was a designated expert witness for Sensormatic and testified on Sensormatic's theories regarding Genetec's alleged infringement of the '652 Patent.

Mr. Bovik's testimony was attached as an exhibit at least to Defendants' Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 7,307,652. (D.I. 110, Ex. 11.) He was identified as a witness for trial. (Ex. 1.) Thus, the deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

15. On May 2, 2022, Jon Halpern, was deposed as a Genetec witness. The cost for the certified transcript was $630.30. Costs for the deposition (such as exhibits [$198.00], realtime services [$315.15], a secure file suite [$20.00], and delivery and handling [$15.00]) were also incurred. It was further necessary to retain video services to film Mr. Halpern's deposition in the amount of $475. Accordingly, this cost totals $1,653.45. A true and correct copy of the reporter invoices are attached hereto as Exhibits 25–26. Mr. Halpern was a designated expert witness for Genetec and testified on Genetec's theories regarding the invalidity of the '954 Patent. Mr. Halpern's testimony was attached as an exhibit at least to Sensormatic's Motions for Summary Judgment (D.I. 169, Ex. 3.) He was identified as a witness for trial. (Ex. 2.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

16. On May 3, 2022, Eli Saber, was deposed as a Genetec witness. The cost for the certified transcript was $1,164.90. Costs for the deposition (such as exhibits [$186.01], realtime services [$486.75], virtual primary participants [$45.00], realtime remote connection [$100.00] a secure file suite [$20.00], and delivery and handling [$15.00]) were also incurred. Accordingly, this cost totals $2,017.66. A true and correct copy of the reporter invoice is attached hereto as Exhibit 27. Dr. Saber was a designated expert witness for Genetec and testified on Genetec's theories regarding the invalidity of the '652 Patent. Dr. Saber's testimony was attached as an

exhibit at least to Sensormatic's Motions for Summary Judgment. (D.I. 130, Ex. 4.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

17. On May 4, 2022, Philip Green was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $766.10. Costs for the deposition (such as local real-time transcription [$285.25], a rough transcript [$285.25], scanned and hyperlinked exhibits [$297.25], and reporter appearance fees [$440.00]) were also incurred. It was further necessary to retain video services to film Mr. Bovik's deposition Costs for filming (such as videographer setup [$345.00] and videographer hourly [$607.50]) were incurred. Accordingly, this cost totals $3,026.35. A true and correct copy of the reporter invoices are attached hereto as Exhibits 28–29. Mr. Green was a designated expert witness for Sensormatic and testified on Sensormatic's theories regarding Sensormatic's alleged damages. Mr. Green's testimony was attached as an exhibit at least to Defendants' Daubert Motion to Exclude the Testimony of Mr. Philip Green. (D.I. 118, Ex. 2.) He was identified as a witness for trial. (Ex. 1.) Thus, the deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

18. On May 6, 2022, Dr. Daniel van der Weide was deposed as a Sensormatic witness. The cost for the original and one certified transcript was $583.80. Costs for the deposition (such as local real-time transcription [$199.50], a rough transcript [$199.50], scanned and hyperlinked exhibits [$460.50], reporter appearance fees [$330.00], and shipping and handling [$40.00]) were also incurred. It was further necessary to retain video services to film Dr. Van der Weide's deposition. Costs for filming (such as videographer setup [$517.50] and videographer hourly [$573.75]) were also incurred. Accordingly, this cost totals $2,904.55. A true and correct copy of

the reporter invoices are attached hereto as Exhibits 30–31. Dr. Van der Weide was a designated expert witness for Sensormatic and testified on Sensormatic's theories regarding Genetec's alleged infringement of the '954 Patent. Mr. Van der Weide's testimony was attached as an exhibit at least to Defendants' Motion for Summary Judgment of Invalidity and NonInfringement of U.S. Patent No. 9,463,954. (D.I. 116, Ex. 8.) He was identified as a witness for trial. (Ex. 1.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

19. On May 10, 2022, Nisha Mody was deposed as a Genetec witness. The cost for the certified transcript was $636.90. Costs for the deposition (such as exhibits [$37.10], a secure file suite [$20.00], and delivery and handling [$15.00]) were also incurred. It was further necessary to retain video services to film Ms. Mody's deposition in the amount of $475. Accordingly, this cost totals $1,184.00. A true and correct copy of the reporter invoices are attached hereto as Exhibits 32–33. Ms. Mody was a designated expert witness for Genetec and testified on Genetec's theories regarding Sensormatic's alleged damages. Ms. Mody's testimony was attached as an exhibit at least to Sensormatic's Opposition to Defendant's Daubert Motion to Exclude the Testimony of Mr. Phillip [sic] Green. (D.I. 135, Ex.4.) She was identified as a witness for trial. (Ex. 2.) The deposition was necessary to gather information, preserve testimony for trial, and for potential impeachment at trial. As such, these costs were necessary to effectively resolve material issues in this case.

**Taxation of Costs for Deposition Exhibits Under D. Del. L.R. 54.1(b)(3), 54.1(b)(5), and 28 U.S.C. § 1920(3)–(4)[2]**

20.     Genetec incurred $10,625.82 in taxable costs in deposition exhibits. With respect to D. Del. L.R. 54.1(b)(3) and 54.1(b)(5), attached as Exhibit 3 is an itemization for the costs incurred by Genetec, including those related to document reproduction in conjunction with depositions of Sensormatic witnesses as detailed above (*see generally* ¶¶5–19), and attached as Exhibits 34–35 are the invoices from which those costs were determined. These costs are taxable pursuant to 28 U.S.C. § 1920(3)–(4), D. Del. L.R. 54.1(b)(3), and D. Del. L.R. 54.1(b)(5). Genetec necessarily incurred costs reproducing discovery documents for use at depositions of the Sensormatic witnesses it took in this action. Genetec could not have taken these depositions without exhibits necessary to question the witnesses. Accordingly, Genetec respectfully seeks $10,625.82 from Sensormatic for the total cost of document reproduction in conjunction with depositions that were necessary to resolve material issues in the case.

21.     Genetec, as the prevailing parties in this case under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, respectfully requests taxation of costs in the amount of $55,225.23.

22.     I declare under penalty of perjury under the laws of the State of Delaware and the United States that the foregoing is true and correct. Executed this 24th day of March, 2023 at Dallas, Texas.

---

[2] Pursuant to District of Delaware Local Rule 54.1(b)(11), Genetec "substantiates the claim by reference" to this Court's decision. *See id.* (granting request for deposition exhibit costs). However, Genetec are not asking the Clerk of the Court to consider case law, but merely provide this citation to case law to "substantiate[]" their claim for costs by reference to District of Delaware Local Rule 54.1(b)(11).

Dated: March 24, 2023

Respectfully submitted,

**FISH & RICHARDSON P.C.**

/s/ David B. Conrad
Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
David B. Conrad
Ricardo J. Bonilla
Michael R. Ellis
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
njm@fr.com
conrad@fr.com
rbonilla@fr.com
ellis@fr.com

*Attorneys for Defendants*
*Genetec (USA) Inc. and Genetec Inc.*

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1.1

The undersigned hereby certifies that on March 24, counsel for Genetec and counsel for Sensormatic met and conferred regarding the costs sought in Genetec's Bill of Costs. Sensormatic's counsel indicated that it does not oppose the Bill of Costs.

/s/ David B. Conrad
David B. Conrad